EFFRON, Chief Judge
(dissenting):
At trial, the defense contended that two of Appellant’s accusers, DLM and PP, collabo *393 rated to fabricate allegations of sexual assault by Appellant. The defense focused on evidence that the two regularly conversed about Appellant, shared information about the allegations in the course of preparing administrative requests for financial compensation based upon the alleged incidents, and did not report the alleged incidents until they became coworkers. Although the panel returned a verdict of not guilty on the charges pertaining to PP, Appellant was convicted of the charges involving DLM.
Shortly after the conclusion of Appellant’s court-martial, the Staff Judge Advocate (SJA) forwarded to defense counsel an e-mail by Barbara King, Chief of the Sheppard Air Force Base Sexual Assault Prevention and Response Office, containing observations about the trial. The e-mail included the following comment:
One of the challenges was the family members often relayed testified information in person or via text message to the victims, which was very upsetting to the victims [sic]. We rotated victim advocates being with them and sitting in the courtroom to give them accurate feedback.
The defense immediately sent a brief reply to the SJA:
This is obviously a huge deal. We are requesting post-trial discovery for those actual text messages as well as have the government talk to the family members in question to find out what was said. Having witnesses informed about anything that happened in that courtroom before they testified certainly could have played a part in influencing their testimony and effected [sic] our client’s right to a fair trial.
In a message rejecting the defense request, the senior trial counsel stated that “the government is not under any obligation to produce these messages, or any other potential evidence regarding these text messages.” The defense then formally requested the convening authority to convene a post-trial session so that a military judge could obtain and consider the pertinent information under Article 39(a), Uniform Code of Military Justice, 10 U.S.C. 839(a) (2006). The defense emphasized the relationship of the request to the defense position at trial that “the complaining witnesses were colluding.” The defense asked the convening authority to assist “in finding out just who was sending texts and what those texts were about.” The defense took the position that it would have been improper for the witnesses to have remained in the courtroom during the testimony, and that the receipt of the testimony by unauthorized means also would have been improper.
Shortly thereafter, the defense submitted a formal clemency request to the convening authority that included a discussion of the defense request for a post-trial hearing. The defense noted that the request for a hearing had been based upon “further evidence of collusion in the courtroom.” The defense further stated that the information about the e-mail was “troubling, because if it happened, it gave the witnesses a chance to change their testimony in light of the reported happenings in the courtroom.” Defense counsel reminded the convening authority that “the ramifications of this on the trial we aren’t able to explore without the intervention of the military judge, or you.” In a concluding comment, defense counsel stated, “If there is any doubt these women colluded, it can be resolved in this hearing.”
The SJA’s post-trial recommendation to the convening authority stated: “The defense does not allege any legal errors.” The SJA also offered the following brief reference to the post-trial developments matters: “The defense also states they requested evidence after the trial and the request was denied by the government.” The SJA did not discuss the substance of the defense request, the rationale for denying the request, or the subsequent defense request for a post-trial hearing before a military judge. The convening authority, in taking action on the case, did not address the defense request.
I agree with the majority that “the convening authority abused his discretion in not ordering a post-trial hearing to determine whether there was reason to inquire into” the allegations in the e-mail and the “effect, if any, on Appellant’s court-martial.” United States v. Lofton, 69 M.J. at 392 (C.A.A.F. *394 2011). I respectfully disagree with the majority’s conclusion that the error did not prejudice Appellant. The majority grounds its conclusion upon a determination that the witnesses’ testimony was not affected by the texting. Id. at 392 n. 3. The majority’s conclusion presumes that the messages would have contained nothing more than a description of the testimony offered in the courtroom. In the absence of a post-trial hearing, however, we do not know the content of any such messages. We do not know whether such messages conveyed accurate or inaccurate information about the trial proceedings; nor do we know whether the messages contained views, recollections, or references to earlier developments that could have supported and strengthened the defense theory of improper collusion by Appellant’s accusers.
The treatment of the defense request by the trial counsel, the SJA, and the convening authority leaves unresolved the question of whether the messages were neutral in content or supportive of the defense theory of the case. The defense identified the problematic nature of the messages on June 30, 2008, just four days after trial, providing the Government with an early opportunity to resolve the factual and legal consequences in a prompt and effective manner. See United States v. Meghdadi, 60 M.J. 438, 444-45 (C.A.A.F.2005) (explaining that one of the purposes of a post-trial Article 39(a) session is to discover and preserve “evidence at the earliest possible time ... while still relatively fresh in the witness’ memory”) (quotation marks omitted).
During the nearly three-month period between the defense request and the convening authority’s action on September 29, 2008, the Government treated the defense request in a peremptory fashion, with the result being that the record on appeal does not even contain a response by the convening authority to the defense request for a post-trial Article 39(a) session. Before acting on this case, the Court of Criminal Appeals should have returned the record of trial to the convening authority with direction that a post-trial session be ordered to determine whether any messages were sent, to ascertain the content of any such messages, and to assess the impact of any such messages on Appellant’s court-martial. At this stage, we should set aside the decision of the court below and return the case to the convening authority for a post-trial Article 39(a) session. I respectfully dissent from the majority’s decision to affirm the findings and sentence without ordering such a proceeding.